EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT #3753
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: mike.seabright@usdoj.gov

JAMES M. LORD
Special Assistant U.S. Attorney
601 Union Street, Ste. 5100
Seattle, Washington 98101
Telephone: (206) 553-7970
Facsimile: (206) 553-0882
Email: jim.lord@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 0 2 2003

at __ o'clock and __ min. __ M.
WALTER A. Y. H. CHINN, CLERK

SEALED
BY ORDER OF THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 03-00178 DAE |
| Plaintiff, ) | |
| ) | SUPERSEDING INDICTMENT |
| vs. ) | |
| ) | [18 U.S.C. §§ 982(a)(1), |
| ) | 1546(a) and 2; |
| LAURYN GALINDO, ) | 31 U.S.C. §§ 5324(a)(3) and |
| ) | 5324(c)(1)] |
| Defendant. ) | |

SUPERSEDING INDICTMENT

COUNT 1

The Grand Jury charges that:

On or about May 12, 1998, at Phnom Phen, Cambodia, the defendant LAURYN GALINDO, who resides in the District of Hawaii,

and others known and unknown to the Grand Jury, knowingly caused, and aided and abetted, an immigrant visa for a four-year old Cambodian girl (hereinafter "Adoptive Child #1") to be possessed, obtained, and received by Adoptive Child #1, which the defendant knew to have been procured by means of a false claim and statement and otherwise procured by fraud and unlawfully obtained, in that the defendant falsely represented, and caused to be falsely represented, on the INS Petition to Classify Orphan as an Immediate Relative that Adoptive Child #1 had no parents, and on the U.S. State Department Application for Immigrant Visa and Alien Registration that the identity and biographical information of the father, mother, and next of kin for Adoptive Child #1 was unknown.

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

COUNT 2

The Grand Jury charges that:

On or about July 7, 1998, at Phnom Phen, Cambodia, the defendant LAURYN GALINDO, who resides in the District of Hawaii, and others known and unknown to the Grand Jury, knowingly caused, and aided and abetted, an immigrant visa for a four-year old Cambodian girl (hereinafter "Adoptive Child #2") to be possessed, obtained, and received by Adoptive Child #2, which the defendant

knew to have been procured by means of a false claim and statement and otherwise procured by fraud and unlawfully obtained, in that the defendant falsely represented, and caused to be falsely represented, on the INS Petition to Classify Orphan as an Immediate Relative that Adoptive Child #2 had no parents, and on the U.S. State Department Application for Immigrant Visa and Alien Registration that the identity and biographical information of the father, mother, and next of kin for Adoptive Child #2 was unknown.

All in violation of Title 18, United States Code, Sections 1546(a) and 2.


COUNT 3

The Grand Jury charges that:

On or about August 7, 1998, at Princeville, Hawaii, the defendant LAURYN GALINDO, for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, knowingly structured a financial transaction with a financial institution, to wit, LAURYN GALINDO purchased 4 cashier's checks with United States currency, three from the same branch of First Hawaiian Bank in Princeville, Hawaii, and the fourth from the Lihue branch of First Hawaiian Bank, with each cashier's check in

3

an amount of less than $10,000, but totaling $30,000, and each cashier's check made payable to the same payee.

All in violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(c)(1)(1998 edition); and Title 31, Code of Federal Regulations, Section 103.11 (1998 edition).

COUNT 4

The Grand Jury charges that:

Defendant LAURYN GALINDO, shall forfeit to the United States of America any and all property, real or personal, that was involved in the offense alleged in Count 3 of the Superseding Indictment, and any and all property traceable to such property.

If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendant:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred or sold to, or deposited with, a third person;

    c.    Has been placed beyond the jurisdiction of the Court;

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 982(a)(1) (1998 edition).

DATED: July 2, 2003, at Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

_____
JAMES M. LORD
Special Assistant U.S. Attorney

UNITED STATES OF AMERICA vs. LAURYN GALINDO
CR. NO. 03-00178 DAE
"Superseding Indictment"